IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SUSAN LARSEN                                                               PLAINTIFF

v.                                  CASE NO. 5:18-CV-5093

MAYNARD, INC.                                              DEFENDANT

**OPINION AND ORDER**

Currently pending before the Court are several motions in limine (Docs. 38, 40, 42, & 44) filed by Plaintiff Susan Larsen. Defendant Maynard, Inc. has filed responses in opposition (Docs. 48, 49, & 50) to all but one motion (on which it agrees with Plaintiff). In addition, the parties have filed a Joint Motion concerning Plaintiff's Deposition Testimony (Doc. 47). During its final pre-trial conference, the Court heard oral argument on these motions and made preliminary rulings from the bench. This Order memorializes those rulings. To the extent anything written here conflicts with the Court's pronouncements from the bench, this Opinion and Order controls.

**1. Plaintiff's Motion to Exclude After-Acquired Evidence (Doc. 38)**

Plaintiff first seeks to exclude Maynard from introducing evidence of alleged workplace misconduct that was discovered by Maynard following Plaintiff's termination. During the final pre-trial conference, the parties identified for the Court three instances of conduct that were discovered subsequent to Plaintiff's termination that Maynard hoped to use to show that it would have terminated her regardless of any other reasons. As such, Maynard was attempting to use such after-acquired evidence to limit Plaintiff's possible recovery.

1

For the reasons stated during the pre-trial conference, the Court **GRANTS** Plaintiff's Motion to Exclude After-Acquired Evidence. On the basis of its own prior decisions and after considering relevant case law, the Court concludes that the after-acquired evidence defense is an affirmative defense that must be specifically included in a party's pleading pursuant to Federal Rule of Civil Procedure 8(c). *See, e.g., E.E.O.C. v. Old Dominion Freight Line, Inc.*, 2015 WL 11117158, at *3 (W.D. Ark. Jan. 5, 2015); *Sellers v. Mineta*, 358 F.3d 1058, 1060 (8th Cir. 2004) (assuming without deciding that after-acquired evidence defense is affirmative one). The law also provides that failure to plead a particular affirmative defense results in waiver of that defense. *See, e.g., Dollar v. Smithway Motor Xpress, Inc.*, 710 F.3d 798, 807-08 (8th Cir. 2013). While this rule is not absolute, and while courts have, for instance, found the defense to not be waived where it was preserved in a final pre-trial order or tried by the implied consent of all parties, the Court finds no support for reviving the otherwise waived defense here.

The Court's previous decision in *Old Dominion* is instructive. There, the facts supporting the after-acquired evidence defense came to light during the course of discovery. Nevertheless, Old Dominion never moved to amend its pleadings to add the defense. This Court ultimately held that the defense was waived. The grounds for finding the defense waived in this case are even stronger than in *Old Dominion*. For, the facts lending support to the after-acquired evidence doctrine here were not simply discovered during the course of discovery. Rather, Maynard knew of these events as early as one year prior to the filing of its Answer when it learned about them during the course of the EEOC investigation into the events in question. As such, the Court finds that Maynard had ample time to assert this defense before filing its answer. It also had at least two

2

opportunities to do so after it answered, including during the Court's preliminary case management hearing (where the issues for trial were discussed) and a later discovery dispute conference. Nevertheless, it did not do so, waiting until responding to the present motion to argue that it should be permitted to advance the defense. The Court is not persuaded and finds that Maynard's stated position during these proceedings coupled with its early knowledge of the events supporting such a defense are more than sufficient to conclude that it waived the defense and should not be entitled to rely on it at trial to limit the scope of any damages that Plaintiff might otherwise recover.[1] Plaintiff's Motion to Exclude After-Acquired Evidence (Doc. 38) is **GRANTED**.

## 2. Plaintiff's Motion to Exclude Failure to Mitigate Evidence (Doc. 40)

Plaintiff next seeks to exclude Maynard from introducing evidence that she failed to mitigate her damages following her termination from Maynard. After hearing oral argument during the final pre-trial conference, the Court took this motion under advisement. For the reasons that follow, it now **GRANTS** Plaintiff's motion.

As the Seventh Circuit explained in *Hutchison v. Amateur Electronic Supply, Inc.* in a leading employment discrimination case:

> Once a plaintiff has established the amount of damages she claims resulted from her employer's conduct, the burden of going forward shifts to the defendant to show that the plaintiff failed to mitigate damages or that damages were in fact less than the plaintiff asserts. To establish the affirmative defense of a plaintiff's failure to mitigate damages, the defendant must show that: (1) the plaintiff failed to exercise reasonable diligence to mitigate her damages, and (2) there was a reasonable likelihood that the plaintiff might have found comparable work by exercising reasonable diligence.

---

[1] In fact, Maynard's counsel suggested at the final pre-trial conference that Maynard had previously reassessed the reasons that it terminated Plaintiff's employment and felt both of them to be sound. So, it made the strategic decision to *not* rely on these after-acquired reasons as justifications for Plaintiff's termination.

3

42 F.3d 1037, 1044 (7th Cir. 1994) (cleaned up).

Thus, while evidence of plaintiff's failure to mitigate her damages might otherwise be relevant, it is *not* relevant here because Maynard failed to raise this defense in the pleadings. Just like after-acquired evidence, the defense of failure to mitigate damages is an affirmative defense that is considered waived if not pleaded. *See, e.g.*, *Dollar*, 710 F.3d at 807-08 ("the failure to plead [failure to mitigate] results in waiver."). However, the Eighth Circuit has also indicated, as noted above, that the general proscription on relying on affirmative defenses at trial that were not pleaded is not absolute, and the defense's inclusion in a final pre-trial order may revive or preserve the issue for trial. *Id.* Here, however, there is no such pre-trial order that could serve to revive the defense.

Moreover, for the same reasons described above, the Court finds that Maynard failed at any point during the earlier stages of this litigation to put Plaintiff on specific notice that it would be relying on this defense. While it appears that Plaintiff's post-Maynard employment was the subject of certain pre-trial discovery, there has been no showing that Plaintiff was explicitly (or implicitly) made aware at any point that Maynard would assert this affirmative defense or argue that Plaintiff failed to exercise reasonable diligence in the pursuit of such post-termination employment. Therefore, the Court **GRANTS** Plaintiff's Motion (Doc. 40). Thus, any evidence relevant *only* to Plaintiff's alleged failure to mitigate damages is excluded from trial. Moreover, because this evidence is excluded, the Court will **NOT** be instructing the jury as to the consequences of a failure to mitigate. *Sayre*, 850 F.2d at 354 ("As with other affirmative defenses, failure to plead mitigation of damages as an affirmative defense results in a waiver of that defense and its exclusion from the case.").

4

### 3. Plaintiff's Motion to Exclude the Introduction of New Witnesses Not Previously Disclosed (Doc. 42)

Plaintiff next seeks to prevent Maynard from introducing witnesses who were not previously disclosed during discovery. During the pre-trial conference, the Court attempted to identify the relevant universe of these objected-to witnesses. It appears that the witnesses identified in this motion are largely document custodians for Plaintiff's subsequent employers and that Plaintiff was really concerned about Maynard's attempts to introduce the underlying records into evidence.[2] In light of its ruling above, to the extent that any of these records are relevant solely to the issue of Plaintiff's alleged failure to mitigate, they will be excluded from trial. Of course, the Court does not know for what *other* purposes these documents might be used. As such, Plaintiff's Motion (Doc. 42) is **GRANTED IN PART and DEFERRED IN PART**. It is granted in that documents relevant *only* to mitigation will be excluded. To the extent that Maynard wishes to use these documents for another purpose, the Court will ultimately have to defer its ruling until it has a better understanding of the context in which Maynard attempts to use them.

### 4. Plaintiff's Motion to Exclude Prejudicial Evidence (Doc. 44)

Finally, Plaintiff seeks to exclude any evidence concerning the denial of her unemployment benefits, contending that such evidence is not relevant and is unfairly prejudicial. Maynard does not oppose this motion. The Court agrees that such evidence should be excluded from trial. As such, Plaintiff's Motion to Exclude Prejudicial Evidence (Doc. 44) is **GRANTED**.

---

[2] Thus, the identified "witnesses" were those individuals who signed affidavits on behalf of each of Plaintiff's subsequent employers and who could be used to establish the necessary requirements for the admission of the documents under FRE 803(6).

### 5. Joint Motion Regarding Plaintiff's Deposition Transcript (Doc. 47)

Finally, the Court has received a Joint Motion regarding Plaintiff's deposition transcript. Fortunately, the discussion during the pre-trial conference cleared up some misconceptions about how Maynard envisioned using Plaintiff's deposition transcript. As such, the Court ruled that Ms. Comstock must comply with her representation to the Court that she is not going to play video deposition excerpts from Plaintiff's deposition during opening statement and that, to the extent that she references Plaintiff's testimony during such statement, it will be in the form of explaining to the jury and outlining for the jury the evidence that the defense anticipates eliciting during the course of the trial. Second, because Ms. Comstock has represented to the Court that Plaintiff's deposition transcript would be used for impeachment purposes, the Court cannot presently rule on those portions of the transcripts that have been designated and objected to until it sees the context in which the defense attempts to use such excerpts. As such, any ruling on the particular objected-to portions of Plaintiff's deposition transcript will be **DEFERRED** until trial.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Exclude After-Acquired Evidence (Doc. 38) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exclude Failure to Mitigate Evidence (Doc. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exclude New, Undisclosed Witnesses (Doc. 42) is **GRANTED IN PART and DEFERRED IN PART** as described herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exclude Prejudicial Evidence (Doc. 44) is **GRANTED**.

**IT IS FURTHER ORDERED** that a ruling on the parties' Joint Motion Regarding Plaintiff's Deposition Transcript (Doc. 47) is **DEFERRED**.

**IT IS SO ORDERED** on this 19th day of July, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE